# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 23-187 |
| THOMAS LAMBERT | : | |

## ORDER

**AND NOW**, this 21st day of October, 2024, upon consideration of Defendant Thomas Lambert's Motion to Dismiss Count One of the Indictment (ECF No. 24), the Government's Response in Opposition (ECF No. 29), and all documents submitted in support thereof and in opposition thereto, it is **ORDERED** that Defendant's Motion is **DENIED**.[1]

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] The one-count Indictment in this matter charges Defendant Thomas Lambert with knowingly possessing a firearm and 11 rounds of live ammunition while knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) Defendant pled not guilty to the Indictment, and his jury trial is currently scheduled for November 18, 2024. (*See* ECF Nos. 9, 21, 22.)

Defendant's Motion seeks dismissal of the felon-in-possession count, which is predicated on his previous state court convictions for crimes punishable by an imprisonment term exceeding one year. Specifically, on May 1, 2012, Defendant was convicted of aggravated assault in violation of 18 Pa. Cons. Stat. § 2702(a), a first-degree felony punishable by imprisonment for not more than 20 years, and endangering the welfare of children in violation of 18 Pa. Cons. Stat. § 4304, a first-degree misdemeanor punishable by a term of imprisonment not to exceed five years. *See Commonwealth v. Lambert*, CP-51-CR-0005517-2011 (Phila. Cty. Ct. Com. Pl.); *see also* 18 Pa. Stat. and Cons. Stat. Ann. § 1103(1) (specifying maximum imprisonment term for first-degree felony); *id.* at § 1104(1) (specifying maximum imprisonment term for first-degree misdemeanor). On May 2, 2014, Defendant was also convicted of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, in violation of 35 Pa. Cons. Stat. § 780-113(a)(30) and for criminal conspiracy in violation of 18 Pa. Cons. Stat. § 903, which are felonies. *See Commonwealth v. Lambert*, CP-51-CR-0012494-2013 (Phila. Cty. Ct. Com. Pl.).

As his primary argument, Defendant asserts that the felon-in-possession statute—18 U.S.C. § 922(g)(1)—is unconstitutional as applied to him. (Mot., ECF No. 24, at 5-8 (relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *Range v. Att'y Gen. U.S.*, 69 F.4th 96 (3d Cir. 2023) (*en banc*), *cert. granted, judgment vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024).) Defendant also argues that Section 922(g)(1) is unconstitutional in all applications (*id.* at 8-9); is void for vagueness (*id.* at 9-10); and, to preserve the issue, is unconstitutional under the original understanding of the Commerce Clause (*id.* at 10-11). In response to Defendant's as-applied challenge, the Government argues that unlike *Range*, which concerned a civil lawsuit by an individual who was prohibited from buying a firearm based on a single decades-old conviction for making a false statement to obtain food stamps, Defendant here has several convictions, including for aggravated assault and endangering the welfare of a child. (Gov't Opp., ECF No. 29, at 3-4.) The Government asserts that Defendant's challenge fails because he does not maintain that he possessed the firearm and ammunition for a lawful purpose; the Second Amendment does not apply to possession of a stolen firearm, which is prohibited under 18 U.S.C. § 922(j) regardless of whether one is a felon or not; the Second Amendment also does not protect the Defendant's possession of a firearm while serving probation, a custodial component of a criminal sentence; and application of § 922(g) to Defendant is consistent with historical firearm regulation. (*Id.* at 9-28.) The Government further argues that Defendant's facial challenge to § 992(g)(1), as well as his vagueness and Commerce Clause contentions, lack merit. (*Id.* at 28-31.)

For the following reasons, we deny Defendant's Motion, joining the vast majority of district court judges in this Circuit who have rejected these arguments in similar cases. *See, e.g.*, *United States v. Small*, No. 16-cr-381, 2024 WL 4041752, at *4 (E.D. Pa. Sept. 4, 2024); *United States v. Hertzog*, No. 22-cr-54, 2024 WL 3952168, at *5-7 (M.D. Pa. Aug. 27, 2024); *United States v. Fields*, No. 21-cr-458, 2024 WL 756948, at *2-5 (W.D. Pa. Feb. 23, 2024); *United States v. Ortiz*, No. 23-cr-506, 2024 WL 493423, at *2-7 (E.D. Pa. Feb. 8, 2024); *United States v. Craig*, No. 21-cr-338, 2024 WL 449386, at *3-4 (W.D. Pa. Feb. 6, 2024); *United States v. Adams*, No. 23-cr-122, 2024 WL 54112, at *6-12 (M.D. Pa. Jan. 4, 2024); *United States v. Velazquez*, No. 23-cr-657, 2024 WL 49690, at *11-14 (D.N.J. Jan. 4, 2024); *United States v. Hydock*, No. 23-cr-205, 2023 WL 8810793, at *2-8 (E.D. Pa. Dec. 20, 2023); *United States v. Cook*, No. 22-cr-37, 2023 WL 8433510, at *2 (D. Del. Dec. 5, 2023); *but see United States v. Harper*, 689 F. Supp. 3d. 16, 21-35 (M.D. Pa. Sept. 1, 2023); *United States v. Quailes*, 688 F. Supp. 3d 184, 189-201 (M.D. Pa. Aug. 22, 2023).

"[T]he Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense." *Bruen*, 597 U.S. at 17.  Under *Bruen*, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.*  To justify a statute regulating that conduct, the government must show that "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*  The Supreme Court recently clarified this framework in *United States v. Rahimi*, 144 S. Ct. 1889 (2024).  The Court explained in *Rahimi* that courts must determine whether the challenged law is "'relevantly similar' to laws that our tradition is understood to permit, 'apply[ing] faithfully the balance struck by the founding generation to modern circumstances.'" *Id.* at 1898 (citing *Bruen*, 597 U.S. at 29).  However, "analogical reasoning under the Second Amendment is neither a regulatory straitjacket nor a regulatory blank check." *Bruen*, 597 U.S. at 30.  It "requires only that the government identify a well-established and representative historical analogue, not a historical twin." *Id.*  As the Supreme Court noted in *Rahimi*, its recent decisions analyzing firearm regulation under the Second Amendment "were not meant to suggest a law trapped in amber." 144 S. Ct. at 1897.  Lawful regulations need not be "identical to ones that could be found in 1791" as "[h]olding otherwise would be as mistaken as applying the protections of the right only to muskets and sabers." *Id.* at 1897–98.

Before applying this framework here, we note, and the Government acknowledges, that Defendant is among "the people" covered by the Second Amendment.  (Opp. at 8.)  We also need not resolve whether the Second Amendment applies to Defendant's conduct because even if it does, the Government has affirmatively shown that § 922(g)(1) is consistent with the historical tradition of firearm regulation.  Restricting felons' possession of firearms "fits within our Nation's history and tradition of disarming those persons who legislatures believed would, if armed, pose a threat to the orderly functioning of society." *Range*, 69 F.4th at 110 (Ambro, J. concurring); *see also Small*, 2024 WL 4041752, at *4 (noting that the United States has "a long history of laws disarming individuals determined to be dangerous").  This analysis applies with equal force here, where Defendant allegedly possessed a firearm while knowing he had previously been convicted of crimes—including aggravated assault and child endangerment—punishable by terms of imprisonment exceeding one year.  (*See* Indictment.)  Accordingly, we find that § 922(g)(1) is constitutional as applied to Defendant.

Defendant's remaining arguments are also unavailing.  Defendant's facial challenge fails because he has not "establish[ed] that no set of circumstances exists under which [§ 922(g)(1)] would be valid." *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011).  As the Court noted in *Rahimi*, challenging a law on its face "is the most difficult challenge to mount successfully[] because it requires a defendant to establish that no set of circumstances exists under which the Act would be valid." 144 S.Ct. at 1888 (internal citations omitted).  Here, Defendant's facial challenge is foreclosed by our finding that this provision is constitutional as applied to him. *See, e.g., Fields*, 2024 WL 756948, at *5 ("[The court's] finding that § 922(g)(1) is constitutional as applied to this Defendant, establishes that § 922(g)(1) is not unconstitutional in all cases."); *Ortiz*, 2024 WL 493423, at *8 n.5; *see also United States v. Williams,* No. 21-cr-34, 2024 WL 665851, at *9 (M.D. Pa. Feb. 16, 2024) ("The [Third Circuit] did not hold that § 922(g)(1) is unconstitutional on its face and instead was careful to instruct that the statute remained facially constitutional at this time." (citing *Range*, 69 F.4th at 106).)

Defendant's assertions—that § 922(g)(1) is void for vagueness and inconsistent with the original public meaning of the Commerce Clause—have been rejected by numerous courts. *See, e.g.*, *United States v. Miller*, No. 23-135, 2024 WL 69140, at *5 (E.D. Pa. Jan. 5, 2024) (finding that the plain text of § 922(g)(1) provides "unambiguous notice" to those who have been convicted of a crime punishable by an imprisonment term exceeding one year and that the Commerce Clause challenge to the provision is "foreclosed by precedent." (citing *NLRB v. Jones & Laughlin Steep Corp.*, 301 U.S. 1 (1937))); *see also Fields*, 2024 WL 756948, at *5 (rejecting vagueness and Commerce Clause challenges to § 922(g)(1)); *United States v. Hydock*, 2023 WL 8810793, at *7 (E.D. Pa. Dec. 20, 2023) (same).  We agree with the reasoning of these decisions and reach the same result.  Defendant's Motion to Dismiss Count One of the Indictment is denied.